IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v.

DANNY L. HUBBARD

INDICTMENT

5:12cr42-RS

THE GRAND JURY CHARGES:

## COUNTS ONE THROUGH TWENTY-FOUR

### A. INTRODUCTION

At all times material to this Indictment:

1. American Federation of Government Employees ("AFGE") Local 1380 was a labor organization that existed for the purpose of representing federal employees who work at the Naval Support Activity in Panama City, Florida.

2. AFGE Local 1380 was governed by the AFGE National Constitution, adopted at the Thirty-Seventh AFGE National Convention in Atlanta, Georgia, August 7-11, 2006, and the AFGE Local Bylaws, dated January 9, 1997.

3. Per Article VI, Section 3 of AFGE Local 1380's Bylaws, the president was responsible for the general supervision over the affairs of the local union, complying with the National Constitution, keeping the membership apprised of the goals and objectives of the Federation, presiding over membership meetings, and signing all

Returned in open court pursuant to Rule 6(f)

November 13, 2012
Date

_____
United States Magistrate Judge

documents pertaining to the office of the president, including providing a second signature on checks withdrawn from AFGE Local 1380's bank account.

4. Per the operating procedures of AFGE Local 1380, the secretary treasurer maintained the bookkeeping system, received all money paid to the union, and kept a record of all financial transactions. Furthermore, all receipts, checks, and cash disbursements were to be properly recorded and accounted for in the financial records. It was required that the secretary treasurer sign all checks and that the president countersign all checks.

5. AFGE Local 1380 maintained one checking account and one savings account with Regions Bank.

6. **DANNY L. HUBBARD** was appointed to serve as AFGE Local 1380's new president on or about November 9, 2006, and continued as president until on or about May 12, 2008.

### B. THE SCHEME AND ARTIFICE

It was part of the scheme and artifice to defraud that:

1. Once he became president of AFGE Local 1380, **DANNY L. HUBBARD** utilized AFGE Local 1380's funds for his personal benefit by writing checks to himself, to cash, to the TNC Quick Stop convenience store, Sam's Club, AT&T, and Boomtown Casino. All of these checks were signed only by **DANNY L. HUBBARD**.

2. The funds disbursed as a result of these transactions were not used for AFGE Local 1380's official business or for the union.

3. On or about July 10, 2007, **DANNY L. HUBBARD** executed a new Certificate of Resolutions and Signature Card with Regions Bank, identifying himself as the sole, required signatory for all items relating to AFGE Local 1380's checking account.

4. **DANNY L. HUBBARD** did not obtain approval from AFGE Local 1380's executive board or membership before disbursing the funds to himself, cash, or other third party entities.

5. **DANNY L. HUBBARD** fraudulently obtained approximately $91,504.08 from AFGE Local 1380 as a result of the scheme to defraud.

## C. THE CHARGE

Between in or about November 2006 and on or about May 12, 2008, in the Northern District of Florida, and elsewhere, the defendant,

**DANNY L. HUBBARD,**

did knowingly, willfully, and with intent to defraud, devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and did transmit, and caused to be transmitted, in interstate commerce, by means of a wire communication, certain signs, signals, and sounds, for the purpose of executing the scheme and artifice to defraud.

## D. THE EXECUTION

On or about the dates listed below, in the Northern District of Florida and elsewhere, the defendant,

**DANNY L. HUBBARD,**

for the purpose of executing the scheme and artifice to defraud, did transmit, and cause to be transmitted, in interstate commerce, by means of a wire communication, certain signs, signals, and sounds, namely, the following checks:

| Count | Date | Check Number | Amount |
|---|---|---|---|
| One | 11/15/07 | 1096 | $ 500.00 |
| Two | 11/19/07 | 1097 | $ 800.00 |
| Three | 11/27/07 | 1104 | $1,500.00 |
| Four | 11/29/07 | 1109 | $ 150.00 |
| Five | 12/18/07 | 1115 | $ 100.00 |
| Six | 12/31/07 | 1116 | $1,100.00 |
| Seven | 01/14/08 | 1117 | $1,100.00 |
| Eight | 01/28/08 | 1121 | $ 800.00 |
| Nine | 02/06/08 | 1120 | $ 172.93 |
| Ten | 02/08/08 | 1124 | $ 800.00 |
| Eleven | 02/11/08 | 1123 | $ 257.89 |
| Twelve | 02/11/08 | 1125 | $ 200.00 |
| Thirteen | 03/07/08 | 1126 | $ 800.00 |
| Fourteen | 03/10/08 | 1127 | $ 350.00 |

| Count | Date | Check Number | Amount |
|---|---|---|---|
| Fifteen | 03/12/08 | 1128 | $ 100.00 |
| Sixteen | 03/24/08 | 1129 | $ 700.00 |
| Seventeen | 03/24/08 | 1130 | $ 350.00 |
| Eighteen | 03/27/08 | 1131 | $ 50.00 |
| Nineteen | 04/02/08 | 1133 | $ 381.01 |
| Twenty | 04/07/08 | 1132 | $ 500.00 |
| Twenty-One | 04/09/08 | 1134 | $ 250.00 |
| Twenty-Two | 04/18/08 | 1137 | $ 500.00 |
| Twenty-Three | 04/21/08 | 1138 | $ 430.00 |
| Twenty-Four | 04/22/08 | 1136 | $ 295.09 |

In violation of Title 18, United States Code, Section 1343.

**CRIMINAL FORFEITURE**

The allegations contained in Counts One through Twenty-Four of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture to the United States pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(c), and Title 28, United States Code, Section 2461(c).

Upon conviction of the violations alleged in Counts One through Twenty-Four of this Indictment, and pursuant to Title 18, United States Code, Section 981(a)(1)(c), and Title 28, United States Code, Section 2461(c) the defendant,

**DANNY L. HUBBARD,**

shall forfeit to the United States any property, real or personal, involved in such offenses, or any property traceable to such property.

If any of the property subject to forfeiture pursuant to Counts One through Twenty-Four of this Indictment, as a result of any act or omission of the defendant:

    i.    cannot be located upon the exercise of due diligence;

    ii.    has been transferred or sold to, or deposited with, a third person;

    iii.    has been placed beyond the jurisdiction of this Court;

    iv.    has been substantially diminished in value; or

    v.    has been commingled with other property that cannot be divided without difficulty;

the United States shall be entitled to forfeiture of substitute property up to the value of the property subject to forfeiture under the provisions of Title 21, United States Code, Section 853(p), which is incorporated by reference in Title 18, United States Code, Section 981(a)(1), and Title 28, United States Code, Section 2461(c).

A TRUE BILL:

**REDACTED**

13 Nov. 2012
DATE

*Pamela C. Marsh*
PAMELA C. MARSH
United States Attorney

*Kathryn Risinger*
KATHRYN D. RISINGER
Assistant United States Attorney

6